Miller v. Coates.

---

MILLER v. COATES.

*Duress — pressing need of money not — Pleading — complaint — what does not constitute cause of action.*

A complaint in an action against C. & M., set forth that C. sent plaintiff to New York to establish the sale of an article manufactured by C.; that it was agreed that plaintiff was to be identified with the business, to share in the profits, and be paid such remuneration as the success of the business warranted; that the plaintiff established the business; that M. was put by C. in plaintiff's place without C.'s knowledge or consent; that a sum of $5,000 had accumulated in the business to plaintiff's credit; that C. refused to pay this unless plaintiff signed a receipt in full, and that needing the money he signed a receipt withdrawing all claim against C. under the agreement. The complaint asked for an accounting, etc., and that the receipt be declared void as obtained by fraud and duress. *Held*, (1) that the case was not one of duress, and (2) that the complaint was demurrable as not showing facts constituting a cause of action against either M. or C.

APPEALS from two orders of the special term, one overruling a demurrer to the complaint of one defendant, and the other sustaining that of the other defendant.

Miller v. Coates.

The action was brought in Kings county by Robert Miller against Andrew Coates and Berkeley Mostyn, for an accounting and other relief. The defendants separately demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. At the special term the demurrer of the defendant Coates was overruled, with leave to answer over; from the order for which Coates appealed. The demurrer of defendant Mostyn was sustained, with leave to plaintiff to amend; from the order for which plaintiff appealed. Other material facts appear in the opinion.

*Henry S. Bennett,* for plaintiff.

*James M. Varnum* and *James Emmott,* for defendants.

TAPPEN, J. The court at special term sustained the demurrer of the defendant Mostyn to the plaintiff's complaint, and overruled that of the defendant Coates, giving him leave to answer over.

The complaint fails to set out any tangible fact giving the plaintiff a cause of action against the defendant Mostyn, and the order of the special term sustaining his demurrer should be affirmed. The complaint is exceedingly voluminous, not to say wandering and confused or illogical in its statements. The plaintiff was sent to New York from Scotland by the defendant Coates to establish a market for a manufacture known as Coates' best linen and shoe thread. The enterprise seems to have succeeded by plaintiff's energy and industry and by the merits of the article offered for sale. The enterprise was entirely at the risk of Coates, who was to pay all expenses ; the business prospered and the sales in 1871 reached $100,000. In this year the defendant Coates sent the defendant Mostyn from Scotland with directions to the plaintiff to receive Mostyn in his employ and give all facilities to become acquainted with the business ; this was done and the plaintiff returned to Scotland for a few months to visit friends and improve his health. The business was left in Mostyn's complete charge with full power of attorney, and the clerks, stock of goods, books and accounts were fully under his control. After being some time in Scotland, the plaintiff discovered that Mostyn had by Coates' directions taken his (plaintiff's) place in the business, and that his relations with the business and with Coates were terminated.

Miller v. Coates.

The plaintiff alleges that it was a part of Coates' agreement with him, and was an incentive to the plaintiff, that he was to be identified with the business, to have a share of the profits, and to be paid a remuneration as the success of the business warranted, that a sum of $5,000 had accumulated to his credit in the business, which Coates refused to pay him unless he signed a receipt in full, and that needing the money for other business he accepted it, and so signed, giving a receipt withdrawing all claim against Coates under the agreement, and delivering an account in the form prescribed by Coates. The plaintiff then asks judgment for an accounting for the payment of a share of profits to him, and that the receipt may be adjudged void as having been obtained by fraud and duress.

This was not a case of duress, which must be of person or threats of personal injury; mere withholding of goods or money due which can be recovered by action is not duress. *Foshay* v. *Ferguson*, 5 Hill, 154. Nor does the complaint set forth any particular agreement specifying any interest or share in the profits as going to the plaintiff. If defendant Coates owes him any money for services, a simple action therefor would be the appropriate remedy, and the plaintiff, in case the receipt should be a bar, must rely upon his proof to explain it, or to break its legal force. If he made a *bona fide* settlement with Coates and gave a release, as may be gathered to be the fact from the allegations in the complaint, these very allegations show that he has duly released his claim, and that he has no cause of action against the defendant. He pleads no fact constituting a valid and legal reason for disturbing the settlement and release, and his complaint would seem, therefore, to be without those elements or features upon which on due proof any judgment could be had against the defendant.

Whatever cause of action the plaintiff has against Coates, it will need to be stated in some other form to make a complaint which the defendant can be called on to answer.

The judgment overruling Coates' demurrer should be reversed and judgment given thereon for the defendant with costs, with leave to plaintiff to amend in twenty days.

*Judgment reversed as to demurrer of Coates, and affirmed as to that of Mostyn.*